**UNITED STATES DISTRICT COURT**
**SOURTHERN DISTRICT OF FLORIDA**
CASE NO.:

CARLA BADGLEY,

       Plaintiff,

v.

BISCAYNE BEDDING INTERNATIONAL LLC
a Florida Profit Corporation,

       Defendant.

_____/

## COMPLAINT

Plaintiff, CARLA BADGLEY ("BADGLEY" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, BISCAYNE BEDDING INTERNATIONAL LLC (hereinafter "BBI" or "Defendant") and says:

## JURISDICTION AND VENUE

1.      This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

1

4.      All conditions precedent to this action have been performed or waived.

**PARTIES**

5.      Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a general manager.

6.      Plaintiff is a female who experienced disparate treatment, hostile work environment, and retaliation on the basis of her sex. Plaintiff is therefore a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex.

7.      Defendant is a Florida limited liability company registered to do business within Florida, with its principal place of business in Hialeah, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.      Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9.      Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10.     Plaintiff filed her charge on or about October 22, 2021, which was no more than 300 days after the last discriminatory event occurred, to wit: February 4, 2021.

11.     Plaintiff was issued a Notice of Suit Rights on June 10, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

**GENERAL ALLEGATIONS**

12.     Plaintiff, a female, worked for Defendant as a general manager from February 2019 until her termination on February 4, 2021.

13.     Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to a culture of masculine superiority that was created by Defendant's owner, Jan Wettergren.

14.     Plaintiff was the only female member of management.

15.     Plaintiff was subjected to frequent derogatory comments and sexist jokes.

16.     Plaintiff was not compensated at the same level as the similarly situated male managers.

17.     Plaintiff was denied her earned bonus for 2020 even though her male counterparts received their bonuses for 2020.

18.     Plaintiff's suggestions and/or advice were not given the same consideration as those offered by the male managers.

19.     Plaintiff was continually disregarded, disrespected and otherwise treated in a hostile manner by her male co-workers, even those subordinate to Plaintiff.

20.     In early February 2021, Plaintiff experienced two particularly hostile and degrading experiences based on her sex at the hands of a male subordinate and a male manager at an equal level to Plaintiff.

21.     On February 4, 2021, Plaintiff complained about the hostile and degrading experiences based on her sex to Wettergren.

22.     Wettergren dismissed Plaintiff's complaint without any investigation.

23.     Wettergren informed Plaintiff that if she felt she was treated in a hostile and degrading manner it was best that they went their separate ways and terminated Plaintiff.

24.     Even if Defendant had legitimate, non-discriminatory reasons for its actions, Plaintiff's sex was, at minimum, a motivating factor in Defendant's disparate treatment of Plaintiff including but not limited to Defendant's decision to terminate Plaintiff [1].

25.     Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

26.     Plaintiff is entitled to reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON SEX)

27.     Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

28.     Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race.

29.     Plaintiff is a member of a protected class, to wit, female.

30.     Plaintiff experienced discriminatory treatment due to her sex.

31.     Defendant treated Plaintiff less favorably than Plaintiff's male co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, sexist jokes, lower pay, withheld bonuses, and disrespectful and hostile treatment due to her sex.

32.     Due to the disparate treatment inflicted on Plaintiff on the basis of her sex, Plaintiff was terminated.

33.     Defendant's reasons for Plaintiff's termination were pretextual.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

34.     Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's sex was, at minimum, a motivating factor in Defendant's adverse employment decisions.

35.     Defendant acted with intentional disregard for Plaintiff's rights as a female protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of is owners, supervisors and/or other employees.

36.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

37.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CARLA BADGLEY requests that:

a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (HOSTILE WORK ENVIRONMENT)

38. Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

39. Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of sex.

40. Plaintiff is a member of a protected class, to wit, female.

41. Plaintiff was subjected to constant and continual offensive and unwelcomed discriminatory conduct from her male co-workers and Wettergren, due to sex.

42. Male co-workers and Wettergren constantly treated Plaintiff less favorably than Plaintiff's male co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, sexist jokes, lower pay, withheld bonuses, and disrespectful and hostile treatment due to her sex which ultimately led to her termination.

43. Defendant's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's owner's and male employees' conduct was severe and pervasive from both a subjective and objective perspective.

44. Defendant, including its owner and male employees, acted with intentional disregard for Plaintiff's rights as a female protected under Title VII. Defendant, by and through

its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner and male employees.

45.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

46.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CARLA BADGLEY requests that:

a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.  The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (RETALIATION)

47.     Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

48.     Plaintiff brings this action for retaliation in violation of Title VII.

49.     Plaintiff experienced discriminatory treatment because Plaintiff is female.

50.     Plaintiff complained about the discriminatory treatment due to her sex.

51.     As a result of Plaintiff's complaints, Defendant terminated Plaintiff.

52.      Defendant's reasons for Plaintiff's termination were pretextual.

53.     Plaintiff's termination constitutes an adverse employment actions under Title VII.

54.     Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisor, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CARLA BADGLEY requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

been discriminated against by Defendant; or, in lieu of reinstatement, award

front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable

attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems

appropriate.

<u>**COUNT IV: VIOLATION OF FCRA**</u>
<u>**(DISCRIMINATION BASED ON SEX)**</u>

55.     Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

56.     Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla.

Stats. § 760.01 *et seq*., for damages caused by Defendant's disparate treatment of Plaintiff.

57.     Plaintiff is a member of a protected class, to wit, female.

58.     Plaintiff experienced discriminatory treatment due to her sex.

59.     Defendant treated Plaintiff less favorably than Plaintiff's male co-workers.

Specifically, Plaintiff was subjected to frequent derogatory comments, sexist jokes, lower pay,

withheld bonuses, and disrespectful and hostile treatment due to her sex.

60.     Due to the disparate treatment inflicted on Plaintiff on the basis of her sex,

Plaintiff was terminated.

61.     Defendant's reasons for Plaintiff's termination were pretextual.

62.     Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's sex

was, at minimum, a motivating factor in Defendant's adverse employment decisions.

63.     Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's sex

was, at minimum, a motivating factor in Defendant's adverse employment decisions.

64.     Defendant acted with intentional disregard for Plaintiff's rights as a female protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner and/or other employees.

65.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

66.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CARLA BADGLEY requests that:

a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.  The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V: VIOLATION OF FRCA
## (HOSTILE WORK ENVIRONMENT)

67.     Plaintiff re-alleges and re-avers paragraphs 1 – 26 as fully set forth herein.

68.     Plaintiff brings this action under FRCA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of sex.

69.     Plaintiff is a member of a protected class, to wit, female.

70.     Plaintiff was subjected to constant and continual offensive and unwelcomed discriminatory conduct from her male co-workers and Wettergren, due to sex.

71.     Male co-workers and Wettergren constantly treated Plaintiff less favorably than Plaintiff's male co-workers. Specifically, Plaintiff was subjected to frequent derogatory comments, sexist jokes, lower pay, withheld bonuses, and disrespectful and hostile treatment due to her sex which ultimately led to her termination.

72.     Defendant's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's owner's and male employees' conduct was severe and pervasive from both a subjective and objective perspective.

73.     Defendant, including its owner and male employees, acted with intentional disregard for Plaintiff's rights as a female protected under FRCA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner and male employees.

74.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FRCA as a direct result of Defendant's discriminatory actions.

75.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FRCA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CARLA BADGLEY requests that:

e.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with FRCA;

f.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

g.  The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

h.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: VIOLATION OF FCRA
### (RETALIATION)

76.     Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

77.     Plaintiff brings this action for retaliation in violation of FCRA.

78.     Plaintiff experienced discriminatory treatment because Plaintiff is female.

79.     Plaintiff complained about the discriminatory treatment due to her sex.

80.     As a result of Plaintiff's complaints, Defendant terminated Plaintiff.

81.     Defendant's reasons for Plaintiff's termination were pretextual.

82.     Plaintiff's termination constitutes an adverse employment actions under FCRA.

83.     Defendant's actions were done with malice, and with disregard for Plaintiff's rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisors, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff CARLA BADGLEY requests that:

a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c.  The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff CARLA BADGLEY hereby demands trial by jury on all issues and all counts of

this Complaint so triable as a matter of right.

Dated: September 6, 2022.

<div style="margin-left: 40%;">

LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       chuck@icelawfirm.com
       SHANNA WALL, Esq.
       Fla. Bar #0051672
       shanna@icelawfirm.com

</div>